IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KELVIN JAMES TAYLOR                                                                    PLAINTIFF

v.                                                                                              No. 4:15CV53-SA-DAS

CHARLES JONES, ET AL.                                                                DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Kelvin James Taylor, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that the defendants defamed him by reporting false things about him to the media. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

On October 16, 2012, Bolivar County Sheriff Kelvin Williams threatened to lock Taylor in a cell by himself if he did not enter the interview room. Taylor complied, and, during the interview, Charles Jones tried to convince Taylor to confess to three unsolved murders in Clarksdale, Mississippi. Taylor refused to answer any questions and demanded a lawyer. Nonetheless, on the news that evening, Charles Jones stated that Taylor had confessed to three murders and a home invasion. In November of 2012, Taylor was charged in Coahoma County with two murders. In December of 2012, he was charged with accessory before the fact of murder and burglary. The Clarksdale Press Register published a press release regarding the charges on the front page, and two local television stations also reported that Taylor had been charged. Taylor seeks money damages of $30,000,000.

## Defamation – State Law Claim

The plaintiff alleges that he suffered emotional distress and defamation of character as a result of the defendant's actions. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). The plaintiff does not have a constitutional right to be free from defamation and emotional distress; as such, his claims for relief under 42 U.S.C. § 1983 must be dismissed. *See Kerr v. Lyford*, 171 F.3d 330, 339 (5th Cir.1999) (noting that defamation "is not a constitutional tort"); *Shinn v. College Station Indep. Sch. Dist.*, 96 F.3d 783, 786 (5th Cir.1996) (per curiam) (there is no freestanding constitutional right to be free from emotional distress); *see also Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e) (a *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for psychological or emotional damages).

## Conclusion

For the reasons set forth above, the instant case will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 6th day of July, 2015.

    /s/ Sharion Aycock
**U. S. DISTRICT JUDGE**